**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | Case No. 19-cr-109 (PJS/SER) |
| Plaintiff, | |
| v. | **CASE MANAGEMENT ORDER** |
| Elier Anchondo-Flores, | |
| Defendant. | |

This matter is before the Court on the Government's Unopposed Motion for Continuance of Motions Hearing, (ECF No. 23), and Defendant's Statement of Facts in Support of Exclusion of Time under Speedy Trial Act, (ECF No. 25). Also before the Court are additional related motions that will be addressed herein.

Defendant Elier Anchondo-Flores was indicted on April 16, 2019 on one count of re-entry of a removed alien in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(1) and 6 U.S.C. §§ 202 and 557. (ECF No. 1). The Government alleges Anchondo-Flores was removed from the United States on February 4, 2009 subsequent to a felony drug conviction in South Dakota state court on September 3, 2008. Sometime after being removed, Anchondo-Flores was found in the United States. Anchondo-Flores was arraigned and pled not guilty. (ECF No. 8). Anchondo-Flores was detained. (ECF No. 13). The Court issued its Arraignment Order setting the deadlines applicable to this criminal proceeding. (ECF No. 11). Pursuant to those deadlines, the Government was to make disclosures by April 30, 2019. Anchondo-

Flores was to file motions by May 14, 2019. A motion hearing was scheduled for June 10, 2019. The motion hearing was later rescheduled to June 13, 2019. (ECF No. 20).

On May 15, 2019, Anchondo-Flores filed a Motion to Continue Filing Date. (ECF No. 14). Anchondo-Flores moved to extend the motion filing date from May 14, 2019 to May 20, 2019, noting that he requested further discovery from the Government following its initial disclosures. Specifically, Anchondo-Flores requested evidence pertaining to a traffic stop. The Government provided police narratives from the vehicle stop but did not provide any of the audio/video squad or bodycam recordings. Anchondo-Flores needed additional time to review evidence prior to filing motions. The Government offered no objection to the motion. (*See* ECF No. 19). That motion is granted; for the reasons explained below, the Court will set new motion deadlines.

Anchondo-Flores filed motions on May 20, 2019. (ECF Nos. 15, 16, 17). Anchondo-Flores moved for production of the audio/video squad or bodycam recordings from the March 21, 2019 traffic stop in Roseville, Minnesota. (ECF No. 15). Anchondo-Flores moved to suppress evidence resulting from the traffic stop. (ECF Nos. 16, 17). In its response, the Government noted it provided the traffic stop discovery on May 23, 2019. (ECF No. 19). The Government further responded that it could not respond to Anchondo-Flores's "generic, boilerplate" suppression motions and the hearing should not be held. (ECF No. 19, at 2–5).

Prior to the June 13, 2019 motion hearing, the Government informed the Court that its witness for Anchondo-Flores's suppression motions was unavailable. (*See* ECF No. 23, at 1). The Government also noted that the parties "agreed that development of the factual

record would be valuable to the parties and to the Court in ruling on defendant's suppression motion." (ECF No. 23, at 1). Anchondo-Flores joined the request to continue the motion hearing. (ECF No. 25). The Court cancelled the hearing and indicated new deadlines would be forthcoming. (ECF Nos. 24, 26).

The Court agrees a continuance would benefit the parties and the Court. Anchondo-Flores's motions are indeed generic. Based the limited factual record relating to Anchondo-Flores's prosecution, it appears the Government has had no real difficulty in identifying the traffic stop at issue. The Court agrees, however, that it is not clear the basis on which Anchondo-Flores actually seeks suppression. This Court certainly understands that the suppression motions were filed using incomplete and untimely discovery production from the Government. Both parties could use additional time to remedy their errors and further develop legal arguments. As such, the motion for a continuance is granted.

After careful consideration of the underlying charge and allegations, the history of this case, and the stated reasons for the jointly requested continuance, the Court finds good cause to extend the deadlines applicable to this proceeding. Pursuant to 18 U.S.C. § 3161(h), the Court finds that the ends of justice served by granting the Government's motion outweigh the best interests of the public and Anchondo-Flores in a speedy trial, and such continuances are necessary to provide Anchondo-Flores and his respective counsel the reasonable time necessary for effective pre-trial motion practice.

For good cause show and in furtherance of efficient case management, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Motion for Discovery of All Audio/Video Recorded Evidence, (ECF No. 15), is **GRANTED**.

2. Government's Unopposed Motion for Continuance of Motions Hearing, (ECF No. 23), and Defendant's Motion to Continue Filing Date, (ECF No. 14), are **GRANTED**.

3. The period of time from **June 12, 2019 through July 25, 2019** shall be excluded from Speedy Trial Act computations in this case. 18 U.S.C. § 3161(h)(7)(A).

4. Any additional or supplemental motions in the above-entitled case must be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **July 9, 2019**.[1] D. Minn. LR 12.1(c)(1). Two courtesy copies of all motions and responses must be delivered directly to the chambers of Magistrate Judge Rau.[2]

5. **Counsel must electronically file a letter on or before July 9, 2019 if no further motions will be filed and there is no need for hearing**;

6. All responses to motions must be filed by **July 19, 2019**. D. Minn. LR 12.1(c)(2).

---

[1] "Before filing a motion under Fed. R. Crim. P. 12(b), the moving party must confer with the responding party. The parties must attempt in good faith to clarify and narrow the issues in dispute." D. Minn. LR 12.1(b).
[2] U.S. Mail or hand-deliver to 316 N. Robert St., Room 342, Saint Paul, MN 55101.
[3] "When a party intends to call witnesses at a hearing on a motion under Fed. R. Crim. P. 12(b), the party must file a notice within 35 days after the arraignment. The notice must identify the number of witnesses whom the party intends to call, the motion or motions that each witness will be addressing, and the estimated duration of each witness's testimony." D. Minn. LR 12.1(c)(3)(A).
[4] "If after reviewing a notice under LR 12(c)(3), a party intends to call witnesses at the same hearing, that party must file a responsive notice within 38 days after the arraignment. The responsive party must identify the number of witnesses whom the party intends to call, the motion or motions each witness will be addressing, and the estimated duration of each witness's testimony." D. Minn. LR 12.1(c)(3)(B).

7. Any Notice of Intent to Call Witnesses[3] must be filed by **July 19, 2019**. D. Minn. LR. 12.1(c)(3)(A).

8. Any Responsive Notice of Intent to Call Witnesses[4] must be filed by **July 23, 2019**. D. Minn. LR 12.1(c)(3)(B).

9. The motions hearing will be heard before Magistrate Judge Steven E. Rau on **July 25, 2019**, at **10:00 a.m.**, in **Courtroom 3C**, Warren E. Burger and U.S. Courthouse, 316 North Robert Street, Saint Paul, Minnesota. D. Minn. LR 12.1(d); *see* ECF No. 26.

10. **TRIAL: The trial date, and other related dates, will be rescheduled following the ruling on pretrial motions. Counsel must contact the Courtroom Deputy for District Judge Patrick J. Schiltz to confirm the new trial date.**

Dated: June 28, 2019         *s/ Steven E. Rau*
Steven E. Rau
United States Magistrate Judge
District of Minnesota

*United States v. Anchondo-Flores*
Case No. 19-cr-109 (PJS/SER)